UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   ED CV 16-01906-GW-KS                                         Date: December 21, 2016

Title   *Trayvon Harbor v. Judge Mark C. Kim*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Roxanne Horan-Walker | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:            Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE**

On October 11, 2016, Trayvon C. Harbor ("Plaintiff"), a California inmate currently incarcerated at the California Medical Facility, Vacaville, CA ("CMF") proceeding *pro se* and *in forma pauperis*, filed a document entitled, "Affidavit of Information Felonies, High Crimes and Misdemeanors," naming as Defendant, Judge Mark C. Kim of the California Superior Court, Long Beach, which the Clerk of the Court has construed as a civil rights complaint under 42 U.S.C. § 1983 ("Complaint").  (ECF No. 2.)

On October 19, 2016, the Court issued a Memorandum and Order Dismissing the Complaint with Leave to Amend ("Order") pursuant to 28 U.S.C. § 1915(A), after finding that the Complaint was "patently frivolous," and was "not cognizable under Section 1983."  (ECF No. 8.)  Noting that "amendment may be futile in this case," in the interests of justice, the Order nevertheless granted leave to amend and stated that if Plaintiff wished to pursue the action he must file an Amended Complaint curing the identified defects within 30 days, *i.e.* by November 19, 2016.  (Order at 5, 9.)  More than four weeks have passed since Plaintiff's November 19, 2016 deadline and Plaintiff has not filed an Amended Complaint that complies with the Court's October 19, 2016 Order.

Instead, on November 22, 2016, Plaintiff filed a document titled "'Criminal Complaint' Information (Amended Complaint)  Felonies, High Crimes and Misdemeanors 18 U.S.C. § 4 (Misprision [sic] of a Felony) 18 U.S.C. § 73 (Obstruction of justice) 18 U.S.C. § 242, 242 (Conspiracy against constitutional rights and under the color of law) pursuant to Federal Rules of Criminal Procedure, Rule 3 Demand for Grand Jury Indictment," which this Court rejected on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   ED CV 16-01906-GW-KS                                                    Date: December 21, 2016

Title         *Trayvon Harbor v. Judge Mark C. Kim*

the basis that individuals cannot file criminal charges in the United States District Court.  (ECF No. 10.)

Subsequently, on December 13, 2016, Plaintiff filed a motion for relief from judgment pursuant to Rule 60 (b) of the Federal Rules of Civil Procedure ("Rule 60 Motion").  The Rule 60 Motion argues that the District Court "misinterpreted [Plaintiff's] criminal complaint as a civil rights complaint [pursuant to] section 1983," and alleging that "the District Court abused its discretion and dismissed [Plaintiff's] criminal complaint, based on the grounds that individuals cannot file criminal charges in the United States District Court," while conceding that "Criminal proceeding[s] are initiated by the government."  (Rule 60 Motion at 1-2.)  The Rule 60 Motion was also rejected by the Court, on the basis that no judgment had been entered in the case.  (ECF No. 11.)

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be subject to involuntary dismissal if a plaintiff "fails to prosecute or to comply with these rules or a court order."  Accordingly, the Court could properly recommend dismissal of the action for Plaintiff's failure to prosecute and timely comply with the Court's orders.

**However, in the interests of justice, Plaintiff is again ORDERED TO SHOW CAUSE on or before January 11, 2017, why the Court should not recommend that this action be dismissed for failure to prosecute.  Plaintiff may discharge this Order by filing: (1) a request for an extension of time to file a First Amended Complaint along with a declaration signed under penalty of perjury that explains why he failed to comply with the Court's October 19, 2016 Order; or (2) a First Amended Complaint that complies with the Court's October 19, 2016 Order.  Alternatively, Plaintiff may dismiss the entire matter without prejudice by filing a signed documented entitled "Notice Of Voluntary Dismissal" pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure.**

**Plaintiff's failure to timely respond to this order will result in a recommendation of dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.**

|  | : |
|---|---|
| **Initials of Preparer** | rhw |